IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF TEXAS

SHERMAN DIVISION

| UNITED STATES OF AMERICA | § | |
|---|---|---|
| | § | |
| vs. | § | Criminal No: 4:07cr42 |
| | § | Judge Schell |
| SALVADOR YANEZ RUIZ (1) | § | |
|    a.k.a. Salvador Yanez | § | |
|    a.k.a. Salvador Yanes | § | |
|    a.k.a. Chavita | § | |
|    a.k.a. Chava | § | |
|    a.k.a. El Primo | § | |
|    a.k.a. Chabacano | § | |
|    a.k.a. El Compadre | § | |

## PLEA AGREEMENT

Defendant SALVADOR YANEZ RUIZ, ~~Angie N. N'Duka~~ *Michael Friedman & Kevin A. Ross*, Defendant's attorney, and the United States Attorney for the Eastern District of Texas agree to the following:

1. **RIGHTS OF THE DEFENDANT**: Defendant understands that accused individuals have the following rights:

    a. to plead not guilty;

    b. to have a trial by jury;

    c. to have guilt proved beyond a reasonable doubt;

    d. to confront and cross-examine witnesses and to call witnesses in defense; and

    e. to not be compelled to testify against oneself.

2. **WAIVER OF RIGHTS AND PLEA OF GUILTY**: Defendant waives these rights and agrees to enter a plea of guilty to Count 1 of a ~~Second~~ *Forth* Superseding Indictment, which charges a violation of 21 U.S.C. § 846, conspiracy to possess with intent to distribute 100 grams or more of

Salvador Yanez Ruiz
Plea Agreement, Page 1

heroin resulting in serious bodily injury. Defendant understands the nature and elements of the crime to which guilt is admitted and agrees that the factual resume Defendant has signed is true and will be submitted as evidence.

3. **Sentence**: The minimum and maximum penalties the Court can impose include:

   a. imprisonment for a period not less than 20 years and not to exceed life;

   b. a fine not to exceed $2,000,000, or twice any pecuniary gain to Defendant or loss to the victim(s);

   c. a term of supervised release of not less than 4 years, which may be mandatory under the law and will follow any term of imprisonment. If Defendant violates the conditions of supervised release, the consequence could be imprisonment for the entire term of supervised release;

   d. a mandatory special assessment of $100.00, which must be paid by cashier's check or money order to the United States District Clerk **before sentencing**;

   e. restitution to victims or to the community, which may be mandatory under the law and which may include restitution arising from all relevant conduct, not limited to that arising from the offense of conviction alone; and

   f. costs of incarceration and supervision.

4. **AGREEMENT PURSUANT TO FED. R. CRIM. P. 11(C)(1)(C):** The parties agree that the appropriate term of imprisonment in this case is 40 years. The parties stipulate that the Court, at its discretion, will determine the appropriate amount of fine, restitution, and special assessment. In addition, the parties stipulate that the Court will determine the appropriate term of supervised release. The parties understand that the Court may decline to accept this agreement. If the Court does not accept the agreement, Defendant will be given the opportunity to withdraw from the plea.

5. **DEFENDANT'S COOPERATION:** Defendant shall cooperate with the Government by giving truthful and complete information and/or testimony concerning the Defendant's participation in the offense of conviction and other knowledge of criminal activities. The Defendant understands that intentionally providing false information or testimony to implicate an innocent person in the commission of a crime or to protect a guilty person, and/or exaggerating the involvement of any person in a crime in order to appear cooperative will be a material violation of this agreement. Upon request, Defendant shall submit a personal financial statement under oath and submit to interviews by the Government and the United States Probation Office regarding Defendant's capacity to satisfy any fines or restitution. The Defendant also agrees to comply with all of the relevant Orders and Rules of the Court. The Government will advise the Court of the extent of Defendant's cooperation. Failure to comply with this section can result in the rescission of this agreement, prosecution for the charges identified in paragraph 2 and for any other federal offenses the Defendant may have committed. Additionally, upon such failure, the Government may use any statements made by Defendant or leads derived therefrom against the Defendant in any proceeding.

6. **SUBSTANTIAL ASSISTANCE:** If, in its sole discretion, the Government determines that Defendant has provided substantial assistance in the investigation or prosecution of others, the United States will file a motion for downward departure pursuant to U.S.S.G. § 5K1.1 or a motion for reduction of sentence pursuant to Fed. R. Crim. P. 35(b). Defendant's cooperation does not automatically require the United States to request a downward departure or a reduction in sentence, and the time for filing such motion will be determined by the Government. **It is entirely within the Court's discretion as to what, if any, reduction in sentence Defendant will receive.**

Salvador Yanez Ruiz
Plea Agreement, Page 3

7. **GOVERNMENT'S AGREEMENT**: The United States Attorney for the Eastern District of Texas agrees not to prosecute Defendant for any additional non-tax-related charges based upon the conduct underlying and related to Defendant's plea of guilty. After sentencing, the Government will dismiss any remaining charges charges against this Defendant.

_____8. **VIOLATION OF AGREEMENT**: Defendant understands that upon violation of any provision of this agreement or any Order or Rule of the Court or if the guilty plea pursuant to this agreement is vacated or withdrawn, the Government will be free from its obligations under this agreement and may prosecute Defendant for all offenses of which it has knowledge. In such event, Defendant waives any objections based upon delay in prosecution.

9. **FORFEITURE**: Defendant agrees to forfeit to the United States voluntarily and immediately all of his right, title and interest to the following property which is subject to forfeiture pursuant to 21 U.S.C. § 853:

2005 Ford F250, Texas license number 28KLX3, VIN 1FTSW21P15EA54321

1990 Honda Accord, Texas license number X35WSR, VIN 1HGCB7153LA067587

Defendant agrees that the property was used or intended to be used to commit or facilitate the said controlled substance violations and the described property was derived from proceeds obtained directly or indirectly as a result of the commission of the aforesaid violations. Defendant warrants that he is the sole owner of all of the property listed above and agrees to hold the United States, its agents and employees harmless from any claims whatsoever in connection with the seizure or forfeiture of property covered by this agreement.

Defendant agrees to fully assist the Government in the forfeiture of the listed property and to take whatever steps are necessary to pass clear title to the United States, including but not limited to surrender of title and execution of any documents necessary to transfer his interest in

any of the above property to the United States, and take whatever steps are necessary to ensure that assets subject to forfeiture are not sold, disbursed, wasted, hidden or otherwise made unavailable for forfeiture. Defendant agrees not to file a claim to the listed property in any civil proceeding, administrative or judicial, which may be initiated. Defendant agrees to waive his right to notice of any forfeiture proceeding involving his property, and agrees not to file a claim or assist others in filing a claim in that forfeiture proceeding. Defendant knowingly and voluntarily waives his right to a jury trial on the forfeiture of assets. Defendant knowingly and voluntarily waives all constitutional, legal and equitable defenses to the forfeiture of these assets in any proceeding. Defendant agrees to waive any claim or defense under the Eighth Amendment to the United States Constitution, including any claim of excessive fine, to the forfeiture of assets by the United States or its subdivisions. Forfeiture of the Defendant's assets shall not be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty this court may impose upon the Defendant in addition to the forfeiture.

10. **VOLUNTARY PLEA**: This plea of guilty is freely and voluntarily made and is not the result of force, threats, or promises other than those set forth in this plea agreement.

11. **WAIVER OF RIGHT TO APPEAL OR OTHERWISE CHALLENGE SENTENCE**: Except as otherwise provided herein, Defendant expressly waives the right to appeal the conviction and sentence in this case on all grounds. Defendant further agrees not to contest the sentence in any post-conviction proceeding, including, but not limited to a proceeding under 28 U.S.C. § 2255. Defendant, however, reserves the right to appeal the following: (a) any punishment imposed in excess of the statutory maximum and (b) a claim of ineffective assistance of counsel that affects the validity of the waiver itself.

12. **REPRESENTATION OF COUNSEL:** Defendant has thoroughly reviewed all legal and factual aspects of this case with his/her lawyer and is fully satisfied with that lawyer's legal representation. Defendant has received satisfactory explanations from his lawyer concerning each paragraph of this plea agreement, each of his rights affected thereby, and the alternatives to entering a guilty plea. After conferring with counsel, Defendant concedes guilt and has concluded that it is in the Defendant's best interest to enter this agreement rather than proceeding to trial.

13. **LIMITATIONS ON THIS AGREEMENT:** This plea agreement is only binding on the United States Attorney's Office for the Eastern District of Texas and does not bind any other federal, state, or local prosecuting authority. Nothing in this agreement shall be construed to release Defendant from possible related or consequential civil liability to any individual, legal entity, or the United States.

14. **ENTIRETY OF AGREEMENT:** Defendant, Defendant's attorney, and the United States Attorney for the Eastern District of Texas acknowledge that this is a complete statement of the parties' agreement in this case. It supersedes all other plea agreements and may not be modified unless the modification is in writing and signed by all parties. No other promises have been made or implied.

Respectfully submitted,

JOHN L. RATCLIFFE
~~MATTHEW D. ORWIG~~
UNITED STATES ATTORNEY

Dated: 2/4/08

TRACEY M. BATSON
Assistant United States Attorney

I have read this Plea Agreement and have carefully reviewed every part of it with my attorney. I fully understand it and voluntarily agree to it.

Dated: 2/4/08

/s/ Salvador Yanez Ruiz
SALVADOR YANEZ RUIZ
Defendant

I am Defendant's counsel. I have carefully reviewed every part of this Plea Agreement with Defendant. To my knowledge and belief, my client's decision to enter into this Plea Agreement is an informed and voluntary one.

Dated: 2/4/08

/s/ with Authority of Michael Friedman
MICHAEL FRIEDMAN

/s/ Kevin B. Ross
KEVIN B. ROSS

Attorneys for Defendant